**Freidel Estate**

*Robert Englesberg, deputy attorney general,* for the commonwealth.

*Gretchen Sohn Reed,* for estate.

WALKO, *J.,* February 2, 1988 — The sole issue before the court concerns the computation of the time period within which a discount is allowed under the inheritance tax statute upon the early payment of such tax.

These facts including the pertinent dates are not in dispute:

Decedent, Margaret M. Freidel, died on January 14, 1987. The estate calculated the total inheritance tax liability at $29,462.37. The estate, on April 15, 1987, deducted $1,473.12 as the early payment discount and remitted the net amount of $27,989.25 to the Department of Revenue. The commonwealth, through the Department of Revenue, denies the discount claiming the tax was paid one day beyond the allowable three-month discount period.

Our legislature encourages prompt payment of death taxes by providing for an early payment discount allowance in the Inheritance and Estate Tax Act which states:

"Inheritance tax is *due at the date of the decedent's death* and shall become delinquent at the expiration of nine months after the decedent's death. To the extent that the inheritance tax is paid *within three months after the date of death* of the decedent, a discount of 5 percent shall be allowed." 72 Pa.C.S. §1742 (1968–86). (emphasis supplied)

It is clear the statute provides for an early payment discount only if the tax is timely paid within the three-month discount period.

For a proper and correct determination of the

question before the court, we begin our analysis with the Statutory Construction Act. The general rule for the computation of time is provided by 1 Pa.C.S. §1908 (1983):

"When any period of time is referred to in any statute, such period in all cases, *except* as otherwise provided in section 1909 of this title (relating to publication for successive weeks) and *section 1910* of this title (*relating to computation of months*) shall be so computed as to exclude the first and include the last day of such period. . . ." (emphasis supplied)

Clearly the general rule provides for excluding the day of the event in the computation of a time period as proposed by the estate. However, this general rule also provides an exception where the computation relates to a number of months computation. The case sub judice is precisely such a case and is controlled by the Statutory Construction Act which provides:

"Whenever in any statute the lapse of a number of months after or before a certain day is required, such number of months shall be computed by counting the months *from such day,* excluding the calendar month in which such day occurs, and *shall include the day of the month in the last month so counted having the same numerical order as the day of the month from which the computation is made,* unless there be not so many days in the last month so counted, in which case the period computed shall expire with the last day of such month." 1 Pa.C.S. §1910 (1983). (emphasis supplied)

In order to determine on which date the three-month discount period ends, we must determine on which date the period begins to run. In this regard we are governed by the language of the inheritance tax statute which provides: "Inheritance tax is due

at the date of the decedent's death . . .", 72 Pa.C.S. §1742 (1968–86). Thus, the critical date is the date of the death of the decedent, January 14, 1987. Following the legislative directive as set out in section 1910 *supra,* the discount period therefore ended three months later on April 14, 1987.

We are strengthened in our conclusion in that the Pennsylvania Rules of Civil Procedure provide identical instructions with regard to time computations: Rule 106 corresponds to 1 Pa.C.S. §1908 and relates to the general rule for computation of time; and, rule 108, which corresponds to 1 Pa.C.S. §1910 and relates to the exception that applies where the number of months is to be computed.

Although we can understand the possibilities for confusion in determining the final date of the discount period and we recognize the time limit was missed by only one day, nonetheless, we are compelled to follow the statutory directives in the same manner as we would in a situation involving the statute of limitations. See *Rupe v. State Public School Building Authority,* 245 F. Supp. 726 (W.D. Pa. 1965).

For the above reasons, we do hereby hold that the estate of Margaret M. Freidel did not file and pay the inheritance tax obligation within the discount period and that the estate of Margaret M. Freidel shall pay the outstanding amount to the Department of Revenue.